Michael J. Frevola
K. Blythe Daly
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
E-mail: michael.frevola@hklaw.com
        blythe.daly@hklaw.com
        clayton.vignocchi@hklaw.com

Attorneys for Plaintiff
*Frontline Shipping Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTLINE SHIPPING LIMITED,<br><br>          Plaintiff,<br><br>          -against-<br><br>EMIRATES TRADING AGENCY LLC, JINDAL SAW LIMITED, and JINDAL ITF LIMITED,<br><br>          Defendants. | 17 CV _____ (\_\_\_\_)<br><br>**VERIFIED<br>COMPLAINT** |

Plaintiff, Frontline Shipping Limited ("Frontline" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, for its verified complaint seeking an order and writ of maritime attachment and garnishment over property of the Defendants Emirates Trading Agency LLC ("ETA"), Jindal Saw Limited ("Jindal Saw"), and Jindal ITF Ltd. ("Jindal ITF") (collectively "Defendants"), alleges as follows:

## JURISDICTION, PARTIES & VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls exclusively under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.      At all times material herein, Plaintiff Frontline was and is a business entity organized under the laws of Bermuda with a principal place of business at Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08 Bermuda.

3.      Upon information and belief, at all times material herein, Defendant ETA was and is a business entity organized under the laws of Dubai with its principal place of business at Salahuddin Road, Ascon House, 6th Floor, Deira, Dubai, United Arab Emirates.

4.      Upon information and belief, at all times material herein, Defendant Jindal Saw was and is a business entity organized under the laws of India with its principal place of business at Jindal Center, 12, Bhikaiji Cama Place, New Delhi, 110066, India.

5.      Upon information and belief, at all times material herein, Defendant Jindal ITF was and is a business entity organized under the laws of India with its principal place of business at 4th Floor, 16A, Shakespeare Sarani, Kolkata, 700071, India.

6.      Venue in this action is properly found in this Honorable Court pursuant to 28 U.S.C. § 1391(b), as the Defendant's property is subject to the court's jurisdiction.

7.      This Court has *quasi in rem* jurisdiction over Defendants because, upon information and belief, Defendants now have, or will have during the pendency of this proceeding, property subject to attachment within this jurisdiction.

#53385545_v1

## RELEVANT FACTS

8.      This is an application pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure seeking attachment of funds in aid of satisfying a London maritime arbitration award.  Plaintiff seeks the attachment of funds before this Court based upon bank accounts owned by Defendants in New York.

9.      On or about May 2, 2007, Frontline, as disponent owner of the vessel *M/V FRONT CLIMBER* (the "Vessel"), and E.A.S.T. International Limited ("EAST"), as charterer, entered into a time charter party for a period of five years at a daily rate of hire of US$40,500 per day (the "Charter").

10.     The Charter was memorialized in a clean fixture dated April 17, 2007. Defendant ETA countersigned the Charter, thereby guaranteeing the performance of the Charter by its affiliate EAST.  A true and correct copy of the clean fixture is annexed as Exhibit 1.

11.     In September 2009, EAST was placed in compulsory liquidation. Notwithstanding liquidation proceedings, performance under the Charter continued until March 18, 2011, when hire payments stopped.

12.     When EAST ceased paying hire and disputes arose, Frontline initiated arbitration in London in accordance with the terms of the Charter pursuant to the rules of the London Maritime Arbitration Association against EAST and ETA.

13.     Although Frontline commenced arbitration proceedings against both EAST and ETA, given that EAST was in compulsory liquidation, Frontline pursued the arbitration solely against ETA.

14.     On or about April 24, 2012, the arbitration tribunal issued a Final Partial Arbitration Award in favor of Frontline and against ETA in the sum of US$3,741,107.07.  This sum represented the hire that had not been paid from March 18, 2011 through June 30, 2011.  A

true and correct copy of the Final Partial Arbitration Award dated April 24, 2012 is annexed as Exhibit 2.

15.     After EAST ceased paying hire on March 18, 2011, from April 1, 2011 to October 10, 2011 the Vessel was chartered back to Frontline and sub-chartered by Frontline to Swiss Marine under a charterparty dated April 1, 2011.  Frontline set off against the hire due from EAST and ETA the hire received under the Swiss Marine charterparty for this period.

16.     On or about July 23, 2014, the arbitration tribunal issued a Second Final Partial Arbitration Award in favor of Frontline and against ETA.  The Second Final Partial Arbitration Award found ETA liable for the balance of hire due to Frontline in the sum of US$2,750,025.35. This sum represented the hire that had not been paid from March 18, 2011 through October 11, 2011 minus the US$3,741,107.07 already awarded for the time period in the (First) Final Partial Arbitration award and credits given for amounts received under the Swiss Marine sub-charterparty.

17.     Near the conclusion of the Swiss Marine charterparty on October 11, 2011, Frontline through its London solicitors wrote to the solicitors representing EAST and ETA requesting prompt advisement for performance under the Charter.  Neither party responded, and as more fully set forth in the Second Final Partial Arbitration Award, EAST and ETA's silence along with an earlier confirmation from the solicitor from East's liquidator's that they had not authorized the continuation of the Charter, constituted a repudiatory breach which terminated the Charter with immediate effect on October 11, 2011.

18.     As a result, the Second Final Partial Award also found ETA liable for damages subsequent to termination of the Charter for the period October 11, 2011 through September 23, 2012, in the sum of US$9,456,577.70. These damages represented the losses during the remainder of the charter period following termination of the Charter.  A true and correct copy

4

of the Second Final Partial Award dated July 23, 2014 is annexed as Exhibit 3.

19.     Overall, the tribunal awarded Frontline US$12,206,603.05 plus interest and costs in the approximate amount of US$18,000.

20.     To date, ETA has not only failed to pay any portion of the London Arbitration Award, but has purposefully avoided payment.  The failure of ETA to make payment to Frontline is a breach of the Charter and the parties' agreement to be bound by the Panel's decision.

21.     On or about May 25, 2017, Frontline filed a miscellaneous action in this Court pursuant to 28 U.S.C. § 1782 to ascertain whether ETA, or its affiliates, subsidiaries, or assigns, had bank accounts in this District or otherwise conducted U.S. dollar transactions through banks within this district.  S.D.N.Y. Docket No. 1:17-mc-00174.  Pursuant to the Order issued in that action, Frontline served subpoenas on fifteen (15) banks found in this District.  The subpoena responses indicated that ETA regularly transacted business in U.S. dollars through banks in this District until approximately one year ago.  Then, the records of transactions by ETA ceased.

22.     On or about August 16, 2017, Tradewinds, an international shipping trade publication, published an article stating that ETA sold the *M/V YUGALRAJ* for scrapping in Bangladesh for US$4,500,000.  A true and correct copy of the Article is annexed as Exhibit 4.

23.     Upon information and belief, the registered owner of the *M/V YUGALRAJ* is Defendant Jindal ITF Limited, whose parent company is Defendant Jindal Saw Limited.

24.     Upon information and belief, ETA ceased trading in its own name approximately one year ago to avoid its creditors outside, but has continued conduct business under the names of other companies and, based upon the recent Tradewinds article, it is further believed that ETA is in fact the true beneficial owner of the *M/V YUGALRAJ*.

#53385545_v1

25.     Upon information and belief and based on subpoena responses, the proceeds from the sale of the *M/V YUGALRAJ* may be deposited in accounts of ETA, but more likely those of either Jindal Saw or Jindal ITF because ETA is trying to evade judgment enforcement proceedings by conducting business under the names of various affiliates.

26.     Although only two Jindal entities are named in this complaint, there are many more Jindal subsidiaries and affiliates.  Should Frontline become aware that funds are being transferred in the name of any of these entities, Frontline will seek to amend this complaint and add the entity.

27.     Upon information and belief, the proceeds of this sale will be deposited into one of the financial institutions in the Southern District of New York which have bank accounts in the name of ETA, Jindal, or their affiliates.

## REQUEST FOR ATTACHMENT

28.     The Charter is a maritime contract and this dispute concerns ETA's failure – as co-signatory of the Charter – to pay charter hire.  As such, Plaintiff is entitled to the issuance of a Rule B order of attachment directing seizure of Defendant ETA's property in the District. including but not limited to the proceeds of the sale of the *M/V YUGALRAJ* held in the name of ETA's affiliates Jindal Saw or Jindal ITF,

29.     None of the Defendants are found within the Southern District of New York.  In order for a defendant to be "found," the defendant must be "found" within the district in terms of both jurisdiction *and* service of process.  Defendants are not registered to do business in New York and have no designated agent for service of process in New York.

30.     Although Defendants are not found in the Southern District of New York, upon information and belief Defendants have bank accounts in U.S. Dollars located within the District and are involved in transactions being fulfilled in U.S. Dollars.  Hence, the Defendants have, or

#53385545_v1

will have during the pendency of this proceeding, assets, goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, accounts, letters of credit, brokerage accounts, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible which belong to Defendants, are claimed by Defendants, or are being held for Defendants or on their behalf, including but not limited to such accounts at the following financial institutions: Bank of America N.A.; Bank of China; The Bank of NY Mellon; Barclays Bank PLC; BNP Paribas; Citibank N.A.; Commerzbank AG; Credit Agricole CIB; Deutsche Bank AG; Deutsche Bank Trust Company Americas; HSBC Bank (USA) NA; JPMorgan Chase Bank, N.A.; Societe Generale; Standard Chartered Bank; UBS AG; Wells Fargo Bank, N.A.; MashreqBank, PSC; or any other financial institution within the Southern District of New York.

**WHEREFORE**, Plaintiff Frontline Shipping Limited prays:

1.      That a summons with process of attachment and garnishment may issue against the Defendants Emirates Trading Agency L.L.C., Jindal Saw Ltd., and Jindal ITF Ltd. in the amount of US$12,224,603.05 (including estimated interest and costs), and if Emirates Trading Agency L.L.C., Jindal Saw Ltd., and Jindal ITF Ltd. cannot be found, then that their goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, accounts, letters of credit, brokerage accounts, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belongs to them, is claimed by them, or being held for them or on their behalf, within the district may be attached in an amount sufficient to answer Plaintiff's claims;

2.      That Defendants and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

#53385545_v1

3.     That this Court retain jurisdiction over this matter through the entry of any award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

4.     That this Court grant Frontline Shipping Limited such other relief which it may deem just and proper.

Dated: New York, New York
         August 22, 2017

                                        HOLLAND & KNIGHT LLP

                              By:  _K. Blythe Daly_____
                                        Michael J. Frevola
                                        K. Blythe Daly
                                        Clayton J. Vignocchi
                                        HOLLAND & KNIGHT LLP
                                        31 West 52nd Street
                                        New York, NY 10019
                                        Tel.: (212) 513-3200
                                        Fax: (212) 385-9010
                                        Telephone: (203) 905-4500
                                        Email: michael.frevola@hklaw.com
                                                  blythe.daly@hklaw.com
                                                  clayton.vignocchi@hklaw.com

                                        Attorneys for Plaintiff,
                                        *Frontline Shipping Limited*

8

#53385545_v1

## <u>VERIFICATION</u>

STATE OF NEW YORK            )

                                             :ss.:

COUNTY OF NEW YORK        )

K. Blythe Daly, being duly sworn, deposes and says:

I am an associate of the firm of Holland & Knight LLP, counsel for Frontline Shipping Limited ("Plaintiff"). I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Plaintiff's representatives and corresponded with Plaintiff's representatives regarding this matter. I am authorized by Plaintiff to make this verification, and the reason for my making it as opposed to an officer or director of Plaintiff is that there are none within the jurisdiction of this Honorable Court.


_____
K. Blythe Daly

Sworn to before me this

22nd day of August, 2017


_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2018

9

#53385545_v1